**VACATE AND DISMISS and Opinion Filed May 18, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-01170-CV

**KRIS BRISCOE, Appellant**
**V.**
**BRAZOS TX PARTNERS, LLC D/B/A CORTLAND GLADE PARKS,**
**Appellee**

**On Appeal from the County Court at Law No. 2**
**Collin County, Texas**
**Trial Court Cause No. 002-04276-2021**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Reichek

The underlying lawsuit for damages began in the justice court and was filed in the county court as an appeal from the justice court's summary judgment. Appellant appeals from the county court's order granting appellee's motion to dismiss as untimely and remanding the case to the justice court. After reviewing the clerk's record, we questioned our jurisdiction over the appeal and directed appellant to file a letter brief with an opportunity for appellee to respond.

This Court's jurisdiction over the merits of a case extends no further than that of the court from which the appeal is taken. *See Dallas Cty. Appraisal Dist. v. Funds*

*Recovery, Inc.*, 887 S.W.2d 465, 468 (Tex. App.—Dallas 1994, writ denied). If the trial court lacked jurisdiction, then an appellate court only has jurisdiction to set the judgment aside and dismiss the cause. *See id*.

A party in a justice court may appeal to the county court only from a final judgment that disposes of all parties and claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.001(a); TEX. R. CIV. P. 506.3; *Lehmann v. Har-Con Corp.* 39 S.W.3d 191, 195 (Tex. 2001). Based on the record before the Court, the justice court has not rendered a final judgment. In its answer filed in the justice court, appellee asserted a counterclaim for attorney's fees. The justice court's order granting appellee's motion for summary disposition and ordering that appellant take nothing on her claims did not dispose of the counterclaim. Thus, the justice court's summary judgment was interlocutory and the county court did not acquire jurisdiction. *See id*. 39 S.W.3d at 195.

In her letter brief, appellant does not dispute the summary judgment is not final. She then addresses the merits and asserts that both the justice court erred in granting summary judgment and the county court erred in dismissing her case as untimely. We do not reach the merits of the underlying action. When, as here, the county court lacked jurisdiction, we have jurisdiction only to set aside the order and dismiss the cause. *See Funds Recovery, Inc.*, 887 S.W.2d at 468. Accordingly, we

vacate the county court's December 17, 2021 "Order Remanding Case to Justice Court for Want of Jurisdiction" and dismiss the cause. *See id.*

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

211170F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

KRIS BRISCOE, Appellant

No. 05-21-01170-CV          V.

BRAZOS TX PARTNERS, LLC
D/B/A CORTLAND GLADE
PARKS, Appellee

On Appeal from the County Court at
Law No. 2, Collin County, Texas
Trial Court Cause No. 002-04276-
2021.
Opinion delivered by Justice
Reichek. Justices Molberg and
Garcia participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial court's December 17, 2021 "Order Remanding Case to Justice Court for Want of Jurisdiction" and dismiss the cause.

Judgment entered May 18, 2022

–4–